ORDER OF REMAND TO CLARIFY DATE OF ENTRY OF JUDGMENT
GARY P. SULLIVAN, Chief Justice.
A PETITION FOR REVIEW and STAY OF JUDGMENT (mislabeled “Petition for Review and Stay of Sentence”) dated July 31, 2000, having been filed by Leighton E. Reum, Lay Counselor, from a Judgment dated June 28, 2000, the Honorable Barry C. Bighorn Sr., presiding, and good cause appearing therefor, the matter is remanded to the Tribal Court for' the following reasons:
1. Pursuant to Title II CCOJ 2000 § 207[1], a Petition for Review must be filed within 15 days from the date of entry of the order or judgment appealed from. This Court has consistently interpreted “15 days” as “15 working days” (Gambles v. Buck Elk Jr. (1989) FPCOA # 072; In re; Custody of C.Y.P. (1990) FPCOA # 097). The Judgment appealed from is dated June 28, 2000. However, there is no “file stamp” date on the Judgment and no certificate of service in the file. Therefore, it is impossible for this Court to determine whether the Petition has been filed in a timely manner.
*219 IT IS NOW THEREFOR THE ORDER OF THIS COURT THAT:
This matter is remanded to the Tribal Court with instructions to determine the date of entry of the Judgment dated June 28, 2000 and further, to determine whether and when the said Judgment was served on the parties. The information requested is to be returned to this Court no later than September 30, 2000.

. Sec. 207. Procedure on decision for review in civil cases.
(a) Time to petition and how to petition. A parly to a civil case may petition for review. Upon appellant’s request, the Tribal Public Defender shall prepare the petition for review. The petition for review must be taken within fifteen (15) days from the date of entry of the final order or judgment appealed from by filing such petition with the clerk of the Tribal Court together with the docket fee and any bond required pursuant to this Section. No extensions of the fifteen (15) day period shall be granted.